Muriel B. Kaplan, Esq. (SBN 124607)
Michele R. Stafford, Esq. (SBN 172509)
SALTZMAN & JOHNSON LAW CORPORATION
120 Howard Street, Suite 520
San Francisco, CA 94105
(415) 882-7900
(415) 882-9287 – Facsimile
mkaplan@sjlawcorp.com
mstafford@sjlawcorp.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIL CROSTHWAITE, RUSS BURNS, in their respective capacities as Trustees of the OPERATING ENGNEERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA; PENSION TRUST FUND FOR OPERATING ENGINEERS; PENSIONED OPERATING ENGINEERS HEALTH AND WELFARE FUND; OPERATING ENGINEERS AND PARTICIPATING EMPLOYERS PRE-APPRENTICESHIP, APPRENTICE AND JOURNEYMEN AFFIRMATIVE ACTION TRAINING FUND; OPERATING ENGINEERS VACATION AND HOLIDAY PLAN; OPERATING ENGINEERS CONTRACT ADMINISTRATION TRUST FUND; OPERATING ENGINEERS MARKET PRESERVATION TRUST FUND; OPERATING ENGINEERS INDUSTRY STABILIZATION TRUST FUND; BUSINESS DEVELOPMENT TRUST FUND; AND HEAVY AND HIGHWAY COMMITTEE,<br><br>    Plaintiffs,<br><br>v.<br><br>VARGAS & ESQUIVEL CONSTRUCTION, INC., a California Corporation,<br><br>    Defendant. | Case No.: C07-6267 MEJ<br><br>**COMPLAINT** |

Parties

1. The Operating Engineers Health and Welfare Trust Fund for Northern California; Pension Trust Fund for Operating Engineers (which includes the Pension Plan for the Pension Trust Fund for Operating Engineers, and the Operating Engineers Annuity Plan); Pensioned Operating Engineers Health and Welfare Fund; Operating Engineers and Participating Employers Pre-Apprenticeship; Apprentice and Journeyman Affirmative Action Training Fund; and Operating Engineers Vacation and Holiday Plan are employee benefit plans as defined in the Employee Retirement Income Security Act of 1974 ("ERISA") § 3(3), 29 U.S.C. § 1002(3). They and their fiduciaries are together referred to herein as "ERISA Plaintiffs." Gil Crosthwaite and Russ Burns are Co-Chairmen of the Joint Boards of Trustees of the ERISA Plaintiffs with authority to act on behalf of all Trustees.

2. Operating Engineers Local Union No. 3 of the International Union of Operating Engineers, AFL-CIO ("Union") is a labor organization as defined in § 2(5) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 152(5).

3. VARGAS & ESQUIVEL CONSTRUCTION, INC. ("Vargas & Esquivel") is an employer by virtue of ERISA § 3(5), 29 U.S.C. § 1002(5), and NLRA § 2(2), 29 U.S.C. § 152(2). It is referred to herein as "Defendant."

Jurisdiction

4. Jurisdiction exists in this Court over the claims asserted by the ERISA Plaintiffs by virtue of ERISA § 502, 29 U.S.C. § 1132, in that the ERISA Plaintiffs seek to enforce the provisions of ERISA and the terms of their plans, seek to enjoin the acts and practices which violate ERISA, seek equitable relief to redress such violations, and seek all other appropriate relief under ERISA.

5. Jurisdiction exists in this Court over all the claims by virtue of Labor Management Relations Act ("LMRA") § 301, 29 U.S.C. § 185, in that the plaintiffs seek to enforce the terms and conditions of a collective bargaining agreement between the employer and a labor organization.

6. To the extent jurisdiction over any claim does not exist under ERISA or the LMRA, supplemental jurisdiction exists in this Court over such claims by virtue of 29 U.S.C. § 1367 in that they arise out of a common nucleus of operative facts that form the basis of the federal claims asserted herein, each of which has a substantial ground in federal jurisdiction.

### Venue

7. Venue exists in this Court with respect to the claims under ERISA § 502 because all of the plans of the ERISA Plaintiffs are administered within this district and the breach took place in this district.

8. Venue exists in this Court with respect to the claims under LMRA §301(a) because this Court has jurisdiction over the parties, as the Union maintains its principal place of business in this district, its duly authorized officers or agents are engaged in representing employee members in this district, and the claims arise in this district.

### Intradistrict Assignment

9. The basis for assignment of this action to this court's Oakland Division is that all of the events and omissions giving rise to plaintiffs' claims occurred in the County of Alameda, where the ERISA Plaintiff funds and union dues, were administered during the period claimed herein, and where defendant therefore failed to fulfill its statutory and contractual obligations to the plaintiffs.

///

///

Bargaining Agreement

10. At all relevant times at issue, VARGAS & ESQUIVEL CONSTRUCTION, INC. was a member of the Engineering & Utility Contractors Association (EUCA). For the consecutive periods of 2002 through 2006 and 2006 through 2010, the EUCA and the Operating Engineers Local Union No. 3 mutually agreed to be bound by consecutive Collective Bargaining Agreements entitled "Master Agreement for Northern California." As a member of the EUCA, VARGAS & ESQUIVEL CONSTRUCTION, INC. agreed to be bound by the terms of the consecutive Collective Bargaining Agreements. That Agreement is referred to herein as the "Bargaining Agreement," and the ERISA Plaintiffs and Trust Funds are third party beneficiaries of that Bargaining Agreement.

11. The Operating Engineers Market Preservation Fund, Operating Engineers Industry Stabilization Trust Fund, Business Development Trust Fund, and Heavy and Highway Committee, together referred to herein as "Trust Funds," are funds for which plaintiff Boards of Trustees are the assignees of monies due under the Bargaining Agreement.

12. Under the terms of said Bargaining Agreement and of the governing documents of the ERISA Plaintiffs which documents are incorporated into the Bargaining Agreement and made binding on defendant, defendant is required to submit monthly reports of hours worked by its employees, and to regularly pay to the Plaintiff ERISA Funds, to the Union for union dues, and to the Trust Funds, certain sums of money, the amounts of which are determined by the hours worked by employees of defendant, all as more fully set forth in said Bargaining Agreement. Also under the terms of said Bargaining Agreement and the governing documents of the Plaintiff Funds, defendant agreed to pay liquidated damages for each delinquent payment, which become part of the contributions. Defendant further agreed to pay interest on the combined contributions

and liquidated damages at the rates set by the Bargaining Agreement, from the day immediately following the date that each such payment became due until paid in full, all as more fully set forth in said Bargaining Agreement.

Facts

13.  Defendant failed to submit reports and/pay contributions reported by them as owing to the plaintiffs under the Bargaining Agreement for work performed during period from September 2007 through October 2007. Liquidated damages and interest have been incurred and are owing for the unpaid contributions owed for this period. Defendant further failed to pay liquidated damages and interest have also been incurred and are owing on late paid contributions for the period November 2002 through August 2007.

14.  Demand was made on defendant on behalf of plaintiffs, for payment of all delinquent contributions, liquidated damages and interest due to the ERISA Plaintiff Funds, the Union, and the Trust Funds. Defendant has failed and refused to make payment of any amounts due claimed herein, as required by the Bargaining Agreement.

15.  Defendant has a statutory duty to make the required payments timely to the ERISA Plaintiffs under ERISA § 515, 29 U.S.C. § 1145, and by failing to make such timely payments has violated the law.

16.  Defendant has a contractual duty under the Bargaining Agreement to timely make the required contributions, liquidated damages and interest to the ERISA Plaintiffs and the Funds, and to timely make the required payment of union dues to the Union. By failing to make such timely payments as required, defendant has breached said duty.

17.  Defendant's failure and refusal to timely submit the aforesaid payments as alleged herein was at all times, and still is, willful. Said refusal is unjustified and done with malicious intent. Defendant's failure to timely make such payments in compliance with the Bargaining

Agreement has reduced the corpus of the ERISA Plaintiff funds and operating ability of the Union, thereby impairing their ability to pay or provide benefits to members and beneficiaries, and thereby causing harm to all ERISA Plaintiffs funds and to the Union. Defendant's obligations pursuant to the Bargaining Agreement are continuing obligations; defendant continues to breach said Bargaining Agreement by failing and refusing to timely pay monies due thereunder to the Plaintiff Funds and the Union. Plaintiffs are informed and believe, and therefore allege, that defendant will continue to willfully refuse to make said payments unless ordered by this Court to comply.

18. Plaintiffs are without an adequate remedy at law and will suffer continuing and irreparable injury, loss and damage unless defendant is ordered specifically to perform all obligations required on defendant's part to be performed under ERISA, 29 U.S.C. §§ 1101-1381, the LMRA, 29 U.S.C. §§ 141-197, the Bargaining Agreement, and the governing documents of the Plaintiffs Funds referred to therein, and are restrained from continuing to refuse to perform as required thereunder.

19. This Court is authorized to issue injunctive relief based on traditional standard. As set forth above, plaintiffs have a strong likelihood of success on the merits, there is the possibility that the Board of Trustees and the participants will suffer irreparable injuries, and the balance of hardships and advancement of public interest favor plaintiffs.

Prayer

WHEREFORE, Plaintiffs pray as follows:

1. For a judgment against defendant as follows:

    a. For all unpaid contributions due for hours worked as specified above and thereafter through judgment;

    (1) To the ERISA Plaintiffs, in accordance with ERISA Section 502(g)(2)(A), 29 U.S.C. Section 1132(g)(2)(A) and the Bargaining Agreement;

    (2) To the Union in accordance with the Bargaining Agreement.

  b. Liquidated damages on late paid and unpaid contributions in an amount provided for under the Bargaining Agreement and governing documents of the Plaintiff Funds and with respect to the ERISA Plaintiffs, ERISA Section 502(g)(2)(c), 29 U.S.C. Section 1132(g)(2)(c).

  c. Interest on late paid and unpaid contributions, dues and liquidated damages which become a part thereof, at the rates set in accordance with the Bargaining Agreement, the governing documents of the ERISA Plaintiffs and the ERISA Section 502(g)(2)(B), 29 U.S.C. Section 1132(g)(2)(B).

 2. For any additional contributions and dues payable to plaintiffs and the Trust Funds as third party beneficiaries of the Bargaining Agreement at time of judgment, plus interest and liquidated damages as above provided and in accordance with the Bargaining Agreement, the governing documents of the Plaintiff Funds, and with respect to the ERISA Plaintiffs, ERISA Section 502(g)(2), 29 U.S.C. Section 1132(g)(2).

 3. ERISA Plaintiffs' reasonable attorneys' fees and costs of this action and for auditors' costs, in accordance with ERISA § 502(g)(2)(D) and (E), 29 U.S.C. § 1132(g)(2)(D) and (E); and in accordance with the collective bargaining agreement for all Bargained Plans, and with LMRA Section 301, 29 U.S.C. § 185 for all plaintiffs.

 4. For an order,

  (a) requiring that defendant comply with its obligations to plaintiffs under the terms of the Bargaining Agreement and the governing documents referred to therein;

///

        (b)    enjoining defendant from violating the terms of those documents and of ERISA; and

        (c)    enjoining defendant from disposing of any assets until said terms have been complied with, and from continuation or operating of defendant's business until said terms have been complied with.

5. That the Court retain jurisdiction of this case pending compliance with its orders.

6. For such other and further relief as the Court may deem just and proper.

Dated: December 11, 2007        SALTZMAN & JOHNSON
                                        LAW CORPORATION


                                        By:_____/s/_____
                                              Michele R. Stafford
                                              Attorneys for Plaintiffs