Muriel B. Kaplan, Esq. (SBN 124607)
Michele R. Stafford, Esq. (SBN 172509)
SALTZMAN & JOHNSON LAW CORPORATION
120 Howard Street, Suite 520
San Francisco, CA 94105
(415) 882-7900
(415) 882-9287 – Facsimile
mkaplan@sjlawcorp.com
mstafford@sjlawcorp.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIL CROSTHWAITE, et al., as Trustees of the OPERATING ENGNEERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA; et al.<br><br>Plaintiffs,<br><br>v.<br><br>VARGAS & ESQUIVEL CONSTRUCTION, INC.,<br><br>Defendant. | Case No.: C07-6267 MEJ<br><br>**JUDGMENT PURSUANT TO STIPULATION** |

IT IS HEREBY STIPULATED by and between the parties hereto, that Judgment may be entered in the within action in favor of the plaintiffs and against defendant VARGAS & ESQUIVEL CONSTRUCTION as follows:

1.  Defendant entered into a valid collective bargaining agreement with the Operating Engineers Local 3 (hereinafter "Bargaining Agreement"). This Bargaining Agreement has continued in full force and effect to the present time.

//

**1**   2. Defendant has become indebted to the Trust Funds for amounts due and owing
**2** under the terms of the Collective Bargaining Agreement and Trust Agreements as follows:

| | |
|---|---|
| Contributions (12/07 – 2/08) | $ 24,554.46 |
| Liquidated Damages (through 2/08) | $ 35,817.52 |
| Interest (period through 2/08, calculated to 3/10/08 | $ 6,946.06 |
| Attorney's Fees (through March 10, 2008 | $1,018.50 |
| Costs of Suit | $418.50 |
| **TOTAL** | **$68,755.04** |

3. Defendant shall *conditionally* pay the amount of **$32,937.52** (the total due, less all liquidated damages) as follows: Beginning on March 15, 2008 and continuing on or before the 15th day of each month for a period of 12 months, defendant will pay **$2,927.00** per month.

Defendant shall have the right to increase the monthly payments at any time, which can be made by joint check, if endorsed by defendant prior to submission to plaintiffs.

(a) Payments shall be applied first to unpaid interest at the rate of 12% per annum on the unpaid principal balance and liquidated damages, in accordance with the Collective Bargaining Agreement and plaintiffs' Trust Agreements.

(b) Payments shall be made to the Operating Engineers Trust Funds, and delivered to Michele R. Stafford, Saltzman & Johnson Law Corporation, 120 Howard Street, Suite 520, San Francisco, CA  94105 **on or before the 15th day of each month as stated above**, or to such other address as may be specified by plaintiffs.  In the event that any check is not timely submitted or submitted by defendant but fails to clear the bank, or is unable to be negotiated for any reason, this shall be considered to be a default on the Judgment entered.  If this occurs, plaintiffs shall make a written demand to defendant to cure said default.  Default will only be cured by the issuance of a replacement, *cashier's check*, delivered to Saltzman and Johnson Law Corporation within seven (10) days of the date of the notice from plaintiffs.  If defendant elects to

cure said default, and plaintiffs elect to accept future payments, all such payments shall be made by cashier's check if the default was caused by a failed check. In the event default is not cured, all amounts remaining due hereunder shall be due and payable on demand by plaintiffs.

4. Beginning with contributions due for hours worked by defendant's employees during the month of March, 2008, due on April 15, 2008 and delinquent if not received by April 25, 2008 and for every month thereafter until this judgment is satisfied, defendant *shall remain current in contributions* due to plaintiffs under the current Collective Bargaining Agreement and under all subsequent collective bargaining agreements, if any, and the Declarations of Trust as amended. *Defendant shall fax a copy of the contribution report for each month, together with a copy of that payment check, to Michele R. Stafford at 415-882-9287, prior to sending the payment to the Trust Fund office so that timely compliance can be confirmed.* Failure by defendant to remain current in contributions shall constitute a default of the obligations under this agreement and the provisions of Paragraph 7 shall apply. Any such unpaid or late paid contributions, together with 15% liquidated damages and 12% per annum interest accrued on the total contributions and liquidated damages, shall be added to and become a part of this Judgment and subject to the terms herein. Plaintiffs reserve all rights available under the applicable Bargaining Agreement and Declarations of Trust of the Trust Funds for collection of current and future contributions and the provisions of this agreement are in addition thereto.

5. Yolanda Esquivel Vargas acknowledges that she is the RMO/CEO/President of Vargas & Esquivel Construction. Ms. Vargas hereby personally guarantees all amounts due and owing under the terms of this Stipulation. Ms. Vargas consents to this Court's jurisdiction in the event that subsequent legal action becomes necessary.

6. Prior to the last payment pursuant to this Stipulation, plaintiffs shall advise defendant and guarantor in writing, of any additional amounts owed pursuant to this Stipulation,

which shall include, but not be limited to, any additional attorney's fees and costs incurred in this matter.  Said amount shall be paid with the last payment due under this agreement.  At that time, plaintiffs shall also advise defendant and guarantor as to whether or not the conditional waiver of liquidated damages has been granted. The liquidated damages conditionally waived under the terms of this Agreement will be waived upon Trustee approval, and conditioned on compliance with the terms of this Agreement.  Should the liquidated damages not be waived, payments will continue as specified above, until the balance due is paid in full.

      7.      In the event that defendant or guarantor fails to make any payment required under Paragraph 3 above, or fail to remain current in any contributions under paragraph 4 above, then,

      (a)      The entire balance of **$68,755.04** plus interest, reduced by principal payments received by Plaintiffs, but increased by any unpaid contributions then due, plus 15% liquidated damages and 12% per annum interest thereon as provided in above paragraph 4  shall be immediately due, together with any additional attorneys' fees and costs under section (d) below.

      (b)      A writ of execution may be obtained against defendant and guarantor without further notice, in the amount of the unpaid balance, plus any additional amounts under the terms herein, upon declaration of a duly authorized representative of the plaintiffs setting forth any payment theretofore made by or on behalf of defendant and the balance due and owing as of the date of default.  <u>Defendant and guarantor specifically consent to the authority of a Magistrate Judge for all proceedings, including, but not limited to, plaintiffs' obtaining a writ of execution herein</u>.

      (c)      Defendant and guarantor waive notice of entry of judgment and expressly waive all rights to stay of execution and appeal.  The declaration or affidavit of a duly authorized representative of plaintiffs as to the balance due and owing as of the date of default shall be

sufficient to secure the issuance of a writ of execution, without further notice to defendant or guarantor.

   (d) Defendant and guarantor shall pay all additional costs and attorneys' fees incurred by plaintiffs in connection with collection and allocation of the amounts owed to plaintiffs under this Stipulation.  These amounts shall be included in the last payment hereunder.

 8. Any failure on the part of the plaintiffs to take any action against defendant and/or guarantor as provided herein in the event of any breach of the provisions of this Stipulation shall not be deemed a waiver of any subsequent breach by the defendant and/or guarantor of any provisions herein.

 9. Plaintiffs specifically reserve all rights to bring a subsequent action against defendant for the collection of any additional contribution delinquencies found to be due for the hours worked during the periods preceding the date of this Stipulation. Defendant specifically waives the defense of the doctrine of res judicata in any such action.

 10. In the event of the filing of a bankruptcy petition by either (or both) the Defendant or guarantor, the parties agree that any payments made pursuant to the terms of this judgment, shall be deemed to have been made in the ordinary course of business as provided under 11 U.S.C. Section 547(c)(2) and shall not be claimed by defendant or guarantor as a preference under 11 U.S.C. Section 547 or otherwise.  Defendant and guarantor nevertheless represent that no bankruptcy filing is anticipated.

 11. Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and enforceability of the remaining parts, terms or provisions shall not be affected thereby and said illegal, unenforceable or invalid part, term, or provision shall be deemed not to be part of this Agreement.

12. Defendant and guarantor each represent and warrant that they have had the opportunity to be or have been represented by counsel of their own choosing in the analysis of this Agreement and the terms and conditions set forth herein, that they have read this Agreement with care and are fully aware of and understand that they enter into this Agreement voluntarily.

13. This Agreement may be executed in any number of counterparts and by facsimile, each of which shall be deemed an original and all of which shall constitute together one and the same instrument.

Dated: March 31, 2008            **VARGAS & ESQUIVEL CONSTRUCTION, INC.**.

By:  _____/s/_____

Dated: March 31, 2008             **YOLANDA VARGAS**

_____/s/_____
Individually

Dated: April 7, 2008            **OPERATING ENGINEERS LOCAL 3 TRUST FUNDS**

_____/s/_____
Wayne E. McBride

Dated: April 8, 2008            **SALTZMAN & JOHNSON LAW CORPORATION**

_____/s/_____
Michele R. Stafford
Attorneys for Plaintiffs

**IT IS SO ORDERED**.

Dated: April 23, 2008            _____
UNITED STATES DISTRICT COURT JUDGE

*IT IS SO ORDERED / Judge Maria-Elena James*